STATE OF NEBRASKA, EX REL. CHARLES ANDERSON, V. A. G. NEWMAN ET AL., COUNTY COMMISSIONERS OF CHEYENNE COUNTY.

Counties: ERECTION OF NEW COUNTIES: PRACTICE: COSTS. The defendants constituted the board of county commissioners of Cheyenne county. Petitions were filed in the proper offices of the said county, praying the submission of the question of its subdivision and the erection of new counties. Among them was the petition of the relator and others, for the submission of the question of the erection of Potter county. The board refused to act upon his petition, and he applied to the supreme court for a writ of mandamus to compel action. Upon the submission of an interlocutory question, it was held by the court that it was their duty to act. Soon after that decision the board acted upon the petition, finding that it was not signed by the requisite number of electors to entitle them to its submission. The other propositions being submitted, the county was subdivided, without regard to the propositions contained in the petition named. It was *Held*, That the object of the writs of mandamus being only to compel action, relators were not entitled to the writ, but that they were entitled to recover all costs made on account of the proceeding for mandamus prior to the action of the county board.

ORIGINAL application for mandamus.

*Robert Ryan*, for relator.

*Heist & Rayner* and *J. W. Norvell*, for respondents.

REESE, CH. J.

This was an application for a peremptory writ of mandamus to compel the county commissioners of Cheyenne county to call an election for the purpose of submitting to the voters of said county the question of the erection of a new county, to be called Potter county. A demurrer to the application was presented and argued at the January term of this court. The demurrer was overruled. No further reference need be made to it than to cite the report of the case, which is found in *State, ex rel. Anderson, v. Newman*, 24 Neb., 40.

Upon the demurrer being overruled, defendants acted upon the petition which had been submitted, and found that it had not been signed by the requisite number of electors of the territory described as the proposed new county. It appears by the records on file in the case, and admissions of the counsel during the argument, that four elections were called, upon the submission of the question of the erection of Kimball, Banner, Scott's Bluff, and Deuel counties, and at the November election the county of Cheyenne was subdivided into five counties. It also appears that the boundaries of the proposed county of Potter conflicted with the boundaries of what are now Kimball and Cheyenne counties. The county board having acted upon the petition of relator, it follows that the writ cannot issue as prayed, and the only question now before us is as to the taxation of costs. By the decision upon the demurrer, it became apparent to the county board that it was their duty to act upon the petition presented. Until they did so act, they were in default and subject to the issuance of the writ. The relator is therefore entitled to recover his costs made prior to their action, which was on the 9th day of May, 1888, and for this he will have judgment. All costs made since that date will be taxed

to him, and for which defendants will have judgment. The writ is denied.

JUDGMENT ACCORDINGLY.

THE other judges concur.

25 37.
29 190

25 37
33 792

25 37
39 522

25 37
41 701